## EX PARTE J. W. AND T. B. JONES.

HABEAS CORPUS—RIGHT OF APPEAL.—On a charge of murder against the appellants, an examining court committed them to jail without privilege of bail; whereupon they sued out *habeas corpus* before a district judge, who remanded them to jail without bail, and they appealed from his judgment to this court, and filed the transcript in this court at its Austin term, 1879. At a subsequent day of the same term they moved the court to enter an order dismissing their appeal, and allowing them to withdraw the transcript; which motion the court granted on the same day. At the ensuing

term of this court, at Tyler, they filed a transcript there, and claimed a right to a hearing and determination of their appeal upon its merits. The assistant attorney-general filed a motion to dismiss the cause, whereby the foregoing matters were set forth, and the court further informed that since the appeal was first taken an indictment for murder in the first degree had been duly found against the appellants, and assigning as cause for dismissal their abandonment of their appeal at the Austin term, and the finding of the said indictment. *Held*, that the motion to dismiss must prevail, inasmuch as the appellants have heretofore exercised and exhausted their right of appeal, and no authority of law being shown or known to a second appeal from the same judgment.

HABEAS CORPUS on appeal from a judgment in chambers, rendered by the Hon. S. FORD, Judge of the Ninth Judicial District.

The offence alleged against the appellants and one James Stearnes was the murder of George T. Morse, in Robertson County, on March 25, 1879. All three of the parties charged were refused bail by the justice of the peace who held the examining court, but, on the hearing of their *habeas corpus* by Judge Ford, bail was allowed Stearnes in the sum of $3,000 ; and the others being remanded without bail, they appealed.

In the opinion, and the motion of the assistant attorney-general, will be found all other matters of fact having any relevancy to the disposition made of the case by this court.

The motion of the assistant attorney-general was as follows : —

"Now comes the State, by attorney, and represents to the court that in the spring of 1879 the appellants, by a justice of the peace, were committed without bail. Subsequent to the commitment, a writ of *habeas corpus* was sued out, and on its return a hearing begun on the — day of April, 1879, before the Hon. Spencer Ford, judge of the Ninth Judicial District of Texas, when bail was again denied the appellants. From this an appeal was taken to the Austin branch of this court. On the 31st of May, 1879, appellants filed a motion in the Court of Appeals to dismiss

their appeal, and on the same day the motion was granted and the appeal dismissed. All of which will more fully appear by reference to the papers herewith filed, marked ' Exhibits A and B,' and made a part hereof.

" It is further represented to the court that the parties above mentioned are the same individuals now prosecuting this appeal, for the identical accusation, on the same statement of facts, and in fact being one and the same in all respects; all of which will more fully appear by reference to the transcript filed in this court at Austin on May 23, 1879, which transcript is herewith filed, marked ' Exhibit C,' and made a part hereof.

" It is further represented to the court that all the aforesaid proceedings, as shown by the transcript, were had before indictment found; that at the May term, 1879, of the District Court of Robertson County, an indictment was found by the grand jury against the appellants for murder in the first degree. A copy of the indictment is herewith filed, marked ' Exhibit D,' and made a part hereof. No application for bail since the indictment was found has been made to the district judge, so far as these records show.

" The premises considered, the appellee moves to dismiss the appeal, because, *first*, after dismissing their own appeal, the appellants are not entitled to a second one; *second*, after an indictment, an appeal cannot be prosecuted on the evidence taken on the hearing of a *habeas corpus* before the indictment was found and bail refused." The character of the exhibits is indicated in the motion.

*Thomas Ball*, Assistant Attorney-General, in support of his motion to dismiss, cited Code Cr. Proc., arts. 174, 186, 187, 188; Bill of Rights, sect. 11; *Brown* v. *The State*, 5 Texas Ct. App. 546. On the merits he cited *Ex parte Foster*, 5 Texas Ct. App. 625, and *Ex parte McKinney*, 5 Texas Ct. App. 500.

*Hubbard & Whitaker* and *W. H. Hamman*, for the appellants. In response to the position of the assistant attorney-general, that this appeal cannot be heard now by this court because the same has once been determined or dismissed at the last Austin term, we reply: First, that the mere temporary refusal (or omission even) to prosecute an appeal from the judgment of the district judge sitting in vacation, before this court, after the same has been filed, cannot forfeit any right of the appellants to *perfect their remedy* of appeal under the laws; that remedy of the citizen, when deprived of liberty, is first before the district judge, to inquire into the alleged illegal restraint of the petitioner, and, second, if bail is refused, to appeal to this court for the correction of the errors of the court below, if any exist.

It is submitted that the right of appeal in cases of *habeas corpus* is surrounded and protected by the same immunity from technicalities and informalities as surrounds and has always surrounded the exercise of the writ itself in the first instance. There are no limitations as to time within which the original application for the writ shall be made, if before trial and conviction. Nor does the statute prescribe any limitations of time within which an appeal may be prosecuted to this court from a judgment on *habeas corpus*.

It may be done, and is a sacred and constitutional prerogative of the citizen; and the right to prosecute and have his appeal heard and determined upon all its merits, as disclosed by the transcript of the evidence certified by the district judge, is as unquestioned as the right to invoke the writ in the beginning when first restrained of his liberty. *Vide* Code Cr. Proc., tit. "*Habeas Corpus*," and especially arts. 146, 147, *et seq.* A judge may of his own motion issue the writ. Also, arts. 186, 187, 881, 884, 885. Nowhere is there any forfeiture of the right of appeal.

The analogies of the law and practice sustain this position. For instance: The State's counsel, of his own motion,

enters a *nolle prosequi* in any criminal case, but the State, either by information or indictment, prosecutes the same party again, and for the same offence; because the reason of the law says there has been as yet no final hearing, no final judgment barring the State. *A fortiori,* would not it follow that in the exercise of the right of appeal from the action of a district judge on *habeas corpus* denying bail the appellant might say to this court, "For the present we decline to prosecute the appeal; we pay the costs and remain in prison"? Does not the *status* of the appellant remain the same, and may he not again before trial prosecute an appeal to the only tribunal which can give or deny him liberty?

Even in civil cases, when a plaintiff enters a nonsuit he may again, within statutory limitations, renew his suit before the same tribunal. This case stands separate and apart from cases on appeal from civil judgments.

We are pursuing a remedy as old as liberty, and sacred wherever the English language is spoken, — to invoke the writ of *habeas corpus*, with all its incidental privileges guaranteed to the citizen. The greatest of these incidents is the right of appeal. We have not exhausted that remedy. Before any trial, we asked, without detriment to the State (because we are in custody), to withdraw our appeal. The action of the court in response to our request was no judgment on the merits of our application for liberty.

WINKLER, J. The appellants and one Stearnes having been committed to the jail of Robertson County without bail, by a justice of the peace of that county, charged with the murder of one George Morse, sued out a writ of *habeas corpus* returnable before the Hon. Spencer Ford, judge of the Ninth Judicial District, for the purpose of inquiring into the legality of their being restrained in their liberty. On a hearing of the charge, and the evidence in support of and against it, the district judge admitted Stearnes to bail, but

refused bail to these appellants and remanded them back to jail.   From the judgment and order of Judge Ford, refusing bail and remanding them to jail, an appeal was prosecuted to the Austin branch of this court, and a transcript of the proceedings had before the district judge was filed in this court at Austin, on May 23, 1879.   On May 31, 1879, counsel for the appellants filed their motion in writing, in which the court was asked to dismiss their appeal and allow the withdrawal of the record of the case from the files; which motion was granted by the court, and the appeal ordered to be dismissed, at the costs of the appellants.   The date of the order of dismissal is May 31, 1879.

The case now before the court is another appeal from the same judgment and order of Judge Ford, and the proceedings had before him on hearing of the *habeas corpus*, as was involved in the appeal returnable to the Austin branch of this court, and dismissed by order of the appellants, as above set out.

The assistant attorney-general now moves the court to dismiss the present appeal, and, among other grounds, for the reason that the parties have already had the benefit of one appeal, and that they are not by law entitled to another.   To this ground of the motion on the part of the State the appellants respond, in effect, that although it is not denied that an appeal was taken to this court heretofore, that appeal was dismissed at the instance and at the cost of the appellants, and that there has been no hearing of the case on its merits; and that the appellants ought not to be precluded from a hearing on the merits of this, notwithstanding the dismissal of the former appeal on their own motion. The question here presented is as to the effect of dismissing the former appeal.

It is conceded that there is no authority accessible to counsel or court which is decisive of the question. · It is argued on behalf of the appellants that the right of appeal

stands on as high grounds as the right to the writ in the first instance, and that there is no limitation fixed by the Habeas Corpus Act within which an appeal must be presented, and that, by the analogies of the law, the present appeal should be entertained.

We are not prepared to yield to the argument so forcibly presented by counsel. We do not question the great importance of this ancient writ of right to the citizen, and are not disposed to withhold from it its full scope and legitimate operation in inquiring into the cause of restraint of one who makes a *primâ facie* case of being illegally restrained in his liberty ; but we must be permitted to say that in the present case, agreeably to the record before us, these appellants have had the benefit of an inquiry into the cause and manner of their restraint, and competent legal authority has determined that they are not illegally restrained. It will hardly be seriously contended that the writ of *habeas corpus* can be invoked for the purpose of setting at large, with or without bail, those who are legally restrained in their liberty. So we are of opinion that this court does not on appeal open the investigation anew ; on the contrary, the appeal in a *habeas corpus* case is required to be heard and determined upon the law and the facts arising upon the record. Code Cr. Proc., art. 884. From these and other expressions in the Code we conclude that the right of appeal does not stand on the same foundation as does the writ originally, and that by analogy to the law in all other cases, both civil and criminal, there must necessarily be some point of time after which an appeal would not lie.

Again : the right of appeal is not thrust on any person ; he may avail himself of it in a proper case, or decline to do so, at his option ; and so we are of opinion that after the party has availed himself of the legal right of appeal he may also prosecute it to a hearing, or abandon or dismiss it, at his own election. But we are further of opinion that

there is no authority of law for the prosecution of more than one appeal from the same judgment. If any such authority exists, we are not aware of it. It is now the practice, even in felonies, to permit an appellant to abandon and dismiss his appeal if he so desires.

The motion of the assistant attorney-general must prevail; and because these appellants have heretofore had the benefit of an appeal, which they have abandoned by procuring its dismissal, the present appeal must also be dismissed for want of authority of law to prosecute it.

*Appeal dismissed.*